IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL ELMORE,<br>on behalf of plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) |
| CODILIS AND ASSOCIATES, P.C.;<br>and INTERSTATE INTRINSIC<br>VALUE FUND A LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Carol Elmore brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Codilis and Associates, P.C. ("Codilis") and Interstate Intrinsic Value Fund A LLC ("IIVF"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Truth in Lending Act, 15 U.S.C. §1601 et seq.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1640 (TILA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' communications were received by plaintiff within this District;

   b. Defendant Codilis is located within this District.

   c. Defendant IIVF does or transacts business within this District.

## PARTIES

9. Plaintiff Carol Elmore is an individual who resides in the Northern District of Illinois.

10. Defendant Codilis is a law firm organized as an Illinois corporation with offices at 15W030 N. Frontage Rd., #100, Burr Ridge, IL 60527.

11. Defendant Codilis is engaged in the business of using the mails and telephone to collect consumer debts owed to others, primarily residential mortgage debts.

12. Defendant Codilis files hundreds of residential mortgage foreclosure lawsuits in Illinois each year.

13. Defendant Codilis sends hundreds of demand letters to Illinois consumers each

year.

14. Defendant Codilis is a debt collector as defined in the FDCPA.

15. Defendant IIVF is a limited liability company organized under Delaware law with its principal place of business at 3835-R E. Thousand Oaks Blvd., #413, Westlake Village, CA 91362.

16. Defendant IIVF is engaged in the business of owning or claiming to own and collecting residential mortgage loans.

17. On information and belief, all of the loans IIVF acquires are defaulted loans.

### FACTS

18. Defendant Codilis has been attempting to collect from plaintiff an alleged residential mortgage debt allegedly owed to IIVF. The debt was incurred for personal, family or household purposes.

#### Improper "notice of debt"

19. On or about September 12, 2017, defendant Codilis sent plaintiff the letter attached as Exhibit A. Plaintiff received it a few days later.

20. On September 12, 2017, the loan had been accelerated.

21. Exhibit A is the first letter plaintiff received from defendant Codilis regarding the debt described therein.

22. On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant Codilis sends to a consumer regarding the debt described therein.

23. The threat to assess late charges was intimidating and confusing. Plaintiff was looking for counsel to resolve the mortgage foreclosure, which plaintiff felt to be unjust, was having difficulty in doing so, and the threat contributed to her anxiety and stress.

#### Improper rate change notices

24. The loan was allegedly owned by IIVF and serviced on behalf of IIVF by Planet Home Lending.

25. On May 10, 2018 and July 16, 2018, Planet Home Lending sent plaintiff, as authorized servicing agent of IIVF, the notices of rate adjustments attached as Exhibits B and C.

26. The notices did not conform to the rate provisions of the credit agreement (Exhibit D) and mortgage (Exhibit E).

27. The "On the House Home Equity" agreement (Exhibit D) provides that the rate will be adjusted in accordance with the Wall Street Journal prime rate in effect on the first business day of January and July. The changes are actually made on January 20 and July 20. (Page 1, "how finance charges are computed".)

28. The first business day of January 2018 is January 2, 2018. On that date, the Wall Street Journal prime rate was 4.5%. (Exhibit F) However, IIVF's servicing agent Planet was using zero in Exhibit B and 4.75% in Exhibit C.

29. Furthermore, the date of Exhibit B does not correspond with any date for a rate change in Exhibit D or Exhibit E.

30. Plaintiff was confused by Exhibits B and C, which contributed to her anxiety and stress.

## COUNT I – FDCPA

31. Plaintiff incorporates paragraphs 1-30.

32. This claim is against Codilis.

33. Exhibit A violates 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692g, in that it states that late charges may be added to the debt when no late charges may be added to an accelerated loan. *Boucher v. Finance System of Green Bay, Inc.,* 880 F.3d 362 (7th Cir. 2018).

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

35. The class consists of (a) all individuals with Illinois addresses (b) to whom Codilis sent a letter referring to "late charges" (c) on an accelerated mortgage loan (d) which

letter was sent to the individual at the same address as the property address (e) and was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

36. On information and belief, based on the number of foreclosures Codilis files, the class is so numerous that joinder of all members is not practicable.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

40. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

## COUNT II – TILA

41. Plaintiff incorporates paragraphs 1-30.

42. This claim is against IIVF.

43. Exhibits B and C violate 12 C.F.R. §1026.20.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      i. Statutory damages;

      ii. Attorney's fees, litigation expenses and costs of suit;

      iii. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Paul M. Waldern
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\35388\Pleading\Complaint_Pleading.wpd

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman